IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAPHAEL ROANE,

        Petitioner,

v.                                                                     Civil Action No. 2:15cv58
                                                                          (JUDGE BAILEY)

C. WILLIAMS, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 30, 2015, the *pro se* Petitioner, Raphael Roane, an inmate at FCI Gilmer, filed a Habeas Corpus petition pursuant to 28 U.S.C. § 2241 seeking additional credit against his sentence. On August 27, 2015, the Petitioner paid the requisite five dollar filing fee. On August 31, 2015, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the Respondent. On September 21, 2015, the Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause. On September 22, 2015, a Roseboro Notice was issued. To date, the Petitioner has not responded.

### II. FACTS

On September 19, 2001, the Petitioner was arrested by state authorities in Delaware County, Pennsylvania, for robbery. ECF No. 12-2 at 3. On May 20, 2002, the Petitioner was sentenced in Pennsylvania to a term of 2-5 years for Robbery and Case Number CP 3547/2001. ECF No.12-2 at 11-13. On September 9, 2002, the Petitioner was sentenced in Pennsylvania to a term of 1-3 years for Robbery in Case Number CP 1881/2000, and to a term of 1-3 years for Violation of Probation and

1

Robbery in Case Number CP 156/2000, to run concurrent to each other. Id. On December 11, 2002, that Petitioner was removed from the State of Pennsylvania by the United States Marshals Service ("USMS") pursuant to a federal writ of habeas corpus ad prosequendum. ECF No. 12-2 at 16. On October 21, 2003, the Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to a 220 month term of imprisonment for violation of 18 U.S.C. § 1951, Interference with Interstate Commerce by Robbery and 924(c), Use of a Firearm During a Crime of Violence. ECF No.12-2 at 19 & 21. On November 4, 2003, the Petitioner was returned to state custody to complete service of his state sentence. ECF No. 12-2 at 16. A federal detainer was placed for the federal sentence, which was noted to be consecutive to the state sentences he was currently serving. ECF No. 12-2 at 13. On July 28, 2005, the Petitioner was paroled by the state and released to the USMS to begin service of his federal sentence. ECF No. 12-2 at 27-28. The Petitioner's projected release date, via good conduct time, is August 21, 2023. ECF No. 12-2 at 32.

### III. CONTENTIONS OF THE PARTIES

**A.     The Petition**

The Petitioner asserts that the Bureau of Prisons ("BOP ") has improperly calculated his sentence by arbitrarily running his federal sentence consecutive to his state sentence. In addition, the Petitioner alleges that the BOP did not credit his federal sentence with time spent in "official detention" pending his trial and sentencing. In effect, the Petitioner alleges that he should be credited with the time from December 2, 2002 through July 27, 2005, when he was transferred to a federal prison. For relief, the Petitioner seeks an award of 31 months credit against his federal sentence for the period December 2, 2002[1] through October 26, 2003, and for the period October 21, 2003 through

---

[1]It is not clear to the Court why the Petitioner uses the date December 2, 2002, when the Petitioner's United States Marshal's Form 125, Individual Custody and Detention Report,

2

July 27, 2005.

B.  **The Response**

The Respondent argues that the petition should be dismissed because the Petitioner failed to exhaust his administrative remedies. However, even if the Petitioner had exhausted his administrative remedies, the Respondent argues that he is not entitled to relief because the time for which he seeks credit was credited towards his state sentence, and a defendant cannot receive double credit for his detention time.

## IV. STANDARD OF REVIEW

A.  <u>**Motion to Dismiss**</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir.1993); <u>see</u> also <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

---

indicates that he was "arrested" on December 11, 2002, pursuant to writ. ECF No. 12-2 at 16.

3

plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

**<u>Exhaustion of Administrative Grievances</u>**

In the response to the petition, the Respondent argues that in the absence of exceptional circumstances, exhaustion is required before a habeas action may be brought. The Respondent maintains that prior to initiating this action, the Petitioner filed administrative grievances but did not fully exhaust his administrative remedies. More specifically, the Respondent notes that his last remedy regarding his sentence calculation was rejected at the Central Office level on February 28, 2008. Therefore, the Petitioner has not exhausted his administrative remedies, and the Respondent argues that this Court could dismiss the petition without reaching the merits of the petition.

While the undersigned does not dispute that the PARA mandates the exhaustion of administrative

remedies in Bivens and § 1983 claims, and that similar principles have been applied in habeas corpus actions, dismissal for failure to exhaust in this instance does not appear the most appropriate outcome. To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Large. at *8 (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

Here, it does appear from the exhibits that the Petitioner failed to exhaust his administrative remedies prior to filing suit in this court. However, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

Sentence Calculation

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation

can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.") Conversely, when a federal sentencing judge does not indicate whether a defendant is to serve his federal sentence consecutively or concurrently with a previously imposed state sentence, the default position is that the federal sentence will be served consecutively because the federal sentence is one of secondary jurisdiction. See 18 U.S.C. § 3584(a); See also United States v. Saunders, 1998 WL 539482 (C.A.4 (N.C.)).

Here, the federal Court that sentenced the Petitioner did not note in the Judgment and Commitment Order whether the Petitioner's federal sentence should run consecutively or concurrently to the state sentence the Petitioner was serving. ECF No. 12-2 at 19-25. Therefore, the Bureau of Prisons default position was to calculate the Petitioner's federal sentence as consecutive. Accordingly, the Petitioner's federal sentence was appropriately calculated in accordance with 3584(a) to run consecutive to his state sentence.

Furthermore, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908 at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3585 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing

federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

The time for which the Petitioner is requesting credit was credited to his state sentence. Because petitioner was merely "loaned" to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*, Pennsylvania retained primary custody over petitioner. Because the Petitioner cannot receive double credit, the Petitioner is not entitled to any further credit against his federal sentence before July 25, 2005, the date he was paroled by the state and released to the USMS detainer to begin serving his federal sentence. Accordingly, the Petitioner has already received the maximum credit to which he is entitled under 18 U.S.C. § 3585(b).

### VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 11] be **GRANTED**, and the Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 9, 2016.

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE